UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0315-B-1 |
| | § | |
| FAVIAN ARREDONDO MENDOZA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Favian Arredondo Mendoza's motion for compassionate release (Doc. 108). For the reasons set forth below, the Court **DENIES** Mendoza's motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

On February 9, 2017, the Court sentenced Mendoza to 168 months of imprisonment after he pleaded guilty to possession with intent to distribute a controlled substance. Doc. 80, J., 1–2. Mendoza, who is now fifty-three years old, is serving his sentence at Giles W. Dalby Correctional Institution (CI). His scheduled statutory release date is July 29, 2028.[1] As of August 5, 2021, Giles W. Dalby CI reports zero active and ninety-seven recovered cases of COVID-19 among its inmates.[2]

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed August 5, 2021).

[2] The Court derives this information from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed August 5, 2021).

Mendoza filed a motion for compassionate release (Doc. 108) on July 19, 2021. The Court reviews Mendoza's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Mendoza's request for compassionate release because Mendoza has not demonstrated extraordinary and compelling circumstances and because the § 3553(a) factors weight against his release.

A.  *Mendoza Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In his motion, Mendoza claims that he "fully exhausted his administrative remedies as required by Title 18 U.S.C. § 3582" and "more than thirty (30) days have passed since he submitted his request to the Warden." Doc. 108, Def.'s Mot., 2. In support, he provides copies of two requests for compassionate release. The Warden denied the first request, dated June 17, 2020, on July 22, 2020. *Id.* at 20, 21. Mendoza filed a second request on June 7, 2021, which the Warden subsequently denied on June 11, 2021. *Id.* at 15, 16. This evidence demonstrates "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A). Thus, Mendoza satisfied the exhaustion requirement under § 3582. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). Having determined that Mendoza satisfied the exhaustion requirement, the Court turns to the merits of his compassionate-release motion.

B.     *Mendoza Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Though Mendoza exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit has held that § 1B1.13 applies only to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of whether an inmate has shown extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating a prisoner's motion in light of *Shkambi*'s holding). In its discretion,

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

the Court concludes that Mendoza has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A).

As a preliminary matter, the Court notes that to the extent Mendoza raises concerns about the conditions at Giles W. Dalby CI and the BOP's ability to manage the COVID-19 pandemic, *see* Doc. 108, Def.'s Mot., 9–11, those concerns do not give rise to extraordinary and compelling reasons for his release. The Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But Giles W. Dalby CI's statistics—ninety-seven recovered cases and zero active cases of COVID-19—suggest the decline of an outbreak rather than an increase in cases. Further, generalized concerns about the spread of COVID-19 at Mendoza's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Regarding Mendoza's individual circumstances, Mendoza argues that he suffers from "comorbidities" which, when "combined with [the] COVID-19 pandemic[,] constitute 'extraordinary and compelling reasons' to grant his motion for compassionate release." Doc. 108, Def.'s Mot., 3. Mendoza states that his "comorbidities" include "obesity, hypertension, Type 2 Diabetes, hyperlipidemia, heart disease, and kidney disease[.]" *Id.* While Mendoza provides medical records to substantiate many of his alleged conditions, *see generally id.* at 26–45, his medical records do not reflect that he suffers from heart or kidney disease. *Id.* at 3.[5] The Court therefore does not

---

[5] In addition to the absence of any evidence of heart or kidney disease, Mendoza's medical records indicate that he *lacks* these conditions. For example, an examining physician found on March 2, 2021, that

consider Mendoza's alleged heart or kidney disease extraordinary and compelling reasons for his compassionate release. *See United States v. Moreno*, 2021, WL 389829, at *3 (N.D. Tex. Feb. 4, 2021) (holding that alleged medical conditions did not "rise to the level of extraordinary and compelling" when there were "no medical records to substantiate any of the conditions" alleged); *United States v. Isidaehomen*, 2020 WL 5801411, at *3 (N.D. Tex. Sept. 29, 2020) (same). Even assuming his records reflect heart disease or kidney disease, however, Mendoza's medical conditions do not constitute extraordinary and compelling reasons for his release.

To start, Mendoza's conditions do not, by themselves, constitute extraordinary and compelling reasons for granting his request. As explained, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements[.]" *Delgado*, 2020 WL 2542624, at *3. Thus, this Court generally requires evidence beyond mere diagnoses, demonstrating that medical conditions warrant that particular inmate's release. *See, e.g.*, *id.* (organ transplants); *United States v. Long*, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) ("chronic obstructive lung disease, asthma, obstructive sleep apnea, benign hypertension, allergic rhinitis, obesity, arthropathy, and hepatitis C"); *Isidaehomen*, 2021 WL 243458, at *3 ("type II diabetes mellitus, hypertension, shortness of breath, thyroid disorder, anemia, unspecified hemorrhoids, pain in unspecified joint, acute sinusitis, allergic rhinitis, hypermetropia, unspecified glaucoma, unspecified polyneuropathy, and anxiety" (alterations incorporated)). To base compassionate release on an inmate's diagnoses, alone, would amount to a disfavored "blanket pronouncement[.]" *See Delgado*, 2020 WL 2542624,

---

Mendoza's "heart, lungs, mediastinum, soft tissues, and bony structures are normal." Doc. 108, Def.'s Mot., 39. Additionally, Mendoza reported on an initial exam on November 17, 2019, that he has never been diagnosed with kidney disease. *See id.* at 43.

at *3.

As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but it is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary describes situations where compassionate release may be appropriate. For example, medical conditions of the defendant may warrant compassionate release where "[t]he defendant is suffering from a terminal illness" or "suffering from a serious . . . condition, . . . impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover. " § 1B1.13(1)(A) cmt. n.1(A). While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. The Court does not require the exact scenarios described in the commentary to § 1B1.13. However, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency warranting the defendant's immediate release.

Accordingly, the Court considers not only Mendoza's diagnoses, but also the severity of his medical conditions and his ability to manage his health while incarcerated. *See Isidaehomen*, 2021 WL 243458, at *3. And though the Court does not discount the discomfort Mendoza endures as a result of his conditions, Mendoza has not shown that his conditions involve necessity and urgency such that compassionate release is warranted. Indeed, Mendoza has not shown that his treatment at Giles W. Dalby CI is inadequate or that he is otherwise diminished in his ability to provide self-care while incarcerated. *See generally* Doc. 108, Def.'s Mot. To the contrary, Mendoza's medical records show that he regularly receives medication, treatment, and attention to manage his conditions. *See*

*generally id.* at 26–45. Thus, in its discretion, the Court finds that these conditions do not constitute extraordinary and compelling reasons justifying compassionate release.

Overall, there is nothing before the Court indicating that Mendoza's circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Mendoza's motion **WITHOUT PREJUDICE.**

C.      *The § 3553(a) Factors Weigh Against Release.*

Finally, even if Mendoza demonstrated extraordinary and compelling circumstances, the Court must consider the sentencing factors set forth in § 3553 to the extent they are applicable. § 3582(c)(1)(A). Section 3553 requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). The Court is not persuaded that these factors support Mendoza's release.

Mendoza pleaded guilty to Count Two of the indictment, Doc. 80, J., 1, which charged him with "knowingly possess[ing] with intent to distribute a mixture or substance containing a detectable amount of methamphetamine . . . in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C)." Doc. 14, Indictment, 2. The Court found 168 months of imprisonment appropriate to serve the goals of § 3553. Doc. 80, J, 1–2. With a statutory release date of July 29, 2028, a significant portion—approximately eighty-three months—of Mendoza's sentence remain to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences"). The § 3553(a) factors thus

weigh against Mendoza's release. This is an independent justification to deny his motion.

D.   *The Court Lacks Authority to Order Home Confinement.*

Insofar as Mendoza requests an "order reducing his sentence to time-served with a period of home-confinement imposed as a special condition of supervised release," Doc. 108, Def.'s Mot., 2, the Court lacks authority to order home confinement. Requests for home confinement "are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)). Indeed, "neither the CARES Act nor the First Step Act authorizes the [C]ourt to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted). Thus, the Court cannot consider transferring Mendoza to home confinement.

## IV.

## CONCLUSION

Mendoza's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553(a) factors weigh against his release. For these reasons, the Court **DENIES** Mendoza's motion (Doc. 108) **WITHOUT PREJUDICE**.

By denying Mendoza's motion without prejudice, the Court permits Mendoza to file a subsequent motion for compassionate release in the event he demonstrates a change in circumstances rising to the level of extraordinary and compelling, satisfies the exhaustion requirement with respect to those circumstances, and shows that the § 3553(a) factors support his request.

SO ORDERED.

SIGNED: August 5, 2021.

*[Signature]*

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE