IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | No. 3:16-CR-351-B(01) |
| ) | |
| FAVIAN ARREDONDO MENDOZA ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Favian Arredondo Mendoza's "Motion to Request Imposition Supervised Release in Corrected Judgment (filed under 18 U.S.C. Section 3582(c)(2))" (Doc. 121). For the following reasons, the motion is **DENIED**.

### BACKGROUND

Defendant pleaded guilty to possession with intent to distribute a controlled substance, and on February 10, 2017, the Court sentenced him to 168 months' imprisonment. Doc. 80 at 2. The Court did not sentence him to a term of supervised release because he met the criteria for a safety valve reduction under 18 U.S.C. § 3553 (f)(1)-(5). Defendant appealed his conviction and sentence, but the Fifth Circuit dismissed the appeal as frivolous. Docs. 106-107.

On December 19, 2023, Defendant filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the Federal Sentencing Guidelines based specifically on U.S.S.G. § 4C1.1's adjustment for zero-point offenders. Doc. 113. The Probation Office issued a worksheet finding Defendant eligible for a sentence reduction with a new amended guideline range of 135-168 months and supervised release range of 1 to 3 years. Doc. 115. On February 1, 2024, the Court granted Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and

Amendments 821 and 825 to the Federal Sentencing Guidelines and reduced his sentence to 135 months. Doc. 116. The order amending the judgment did not impose a term of supervised release and explicitly stated that "[e]xcept as otherwise provided, all provisions of the judgment dated 2/9/17 shall remain in effect." *Id.* Defendant did not appeal the February 1, 2024 order.

On March 19, 2024, Defendant filed the instant motion to impose a term of supervised release to his judgment, believing that it will lead to a quicker release from imprisonment and eventual deportation. Doc. 121 at 1. Specifically, he claims that he has engaged in rehabilitative programming that qualifies for time credits under the First Step Act of 2018 (FSA), but the BOP told him that he cannot "benefit" from the credits "simply because his sentence did not include a term of supervised release." Doc. 121 at 4; *see also* 18 U.S.C. § 3624(g)(3)[1]. He therefore requests that the Court "further modify" his sentence to include a "statutorily mandated" three-year term of supervised release. Doc. 121 at 4.

## ANALYSIS

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c)(2); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). "Some exceptions are identified in 18 U.S.C. § 3582(c) and in Federal Rule of Criminal Procedure 36.  Other procedural avenues for modification of a sentence or the recalculation of a sentence may be through a motion to vacate,

---

[1] Under 18 U.S.C. § 3632(d)(4), eligible prisoners may obtain time credits towards "prerelease custody or supervised release." And 18 U.S.C. § 3624(g) provides that "[i]f the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed twelve months [before the expiration date of his sentence], based on the application of time credits under section 3632."

correct, or set aside sentence filed under 28 U.S.C. § 2255, or in a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The nature of the action filed depends on the reasons for the relief sought." *United States v. Gould,* No. 7:05-cr-020-O, 2018 WL 3956941, at *1 (N.D. Tex. Jan. 17, 2018).

Defendant does not say what statute or rule allows the Court to further amend his judgment, and the Court has not located any that would apply.

Defendant's motion is not properly construed as a habeas application under § 2241 or § 2255, as he does not contest the legality of his detention or how it is being executed. He does not, for example, claim that the BOP is incorrectly denying him time credits under the FSA.

Nor is the relief that Defendant seeks available under § 3582(c). Under § 3582(c)(1), a court may reduce the term of imprisonment "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)," after considering the § 3553(a) sentencing factors upon the finding of an extraordinary and compelling reason for a sentence reduction. But Defendant has not identified an extraordinary and compelling reason for a sentence reduction or otherwise indicated that he seeks a compassionate release under this provision.

Under § 3582(c)(2), a defendant may obtain a sentence reduction when he has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. But that section only allows for a reduction to the term of imprisonment–which Defendant already obtained–it does not, by its plain terms, contemplate the addition of a term of supervised release.

That leaves Rules 35 and 36 of the Federal Rules of Criminal Procedure. Under Rule 35, a court can, within 14 days after sentencing, "correct a sentence that resulted from arithmetical, technical, or other clear error." But Defendant's motion here was filed well beyond the 14-day time limit for such motions, as the Court entered the judgment in 2017. Indeed, even if the Court looked to its February 1, 2024 order as starting the clock to file a Rule 35 motion, Defendant's motion was still weeks late. Defendant is not entitled to relief under Rule 35.

Finally, Rule 36, provides that the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct error in the record arising from oversight or omission." "Clerical errors…are a matter of keystrokes or transposition, 'of the sort that a clerk or [court reporter] might commit, mechanical in nature.'" *United States v. Asker*, No. 21-1643, 2023 WL 3370440, at * 2 (6th Cir. May 11, 2023) (citing *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000)); *see also United States v. Kieffer*, 596 F. App'x 653, 660 (10th Cir. 2014) (explaining that Rule 36 is "narrow, applying only to uncontroversial and non-substantive clerical errors"). Errors arising from oversight or omission include discrepancies between the oral sentence and the written judgment. *Id.* Such errors do not include a district court's "unexpressed sentencing intention." *Id.* (citation omitted).

Defendant fails to show that the Court's substantive decision not to include a term of supervised release in 2017 when it imposed the sentence was an error, much less a clerical error. The same is true of the omission of a term of supervised release from the February 2024 order reducing Defendant's term of imprisonment. Rule 36 does not apply.

At bottom, Defendant fails to show any basis for the Court to amend or modify its judgment, so his motion seeking such relief will be denied.

4

## CONCLUSION

Defendant Favian Arredondo Mendoza's "Motion to Request Imposition Supervised Release in Corrected Judgment" (filed under 18 U.S.C. Section 3582(c)(2)) (Doc. 121) is **DENIED**.

**SO ORDERED.**

**DATED: September 3, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE